Ramos v. King                    CV-89-165-M    09/27/96
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE


Jesus Ramos

      v.                                    Civil No. 89-165-M

Thomas King, Chief of Police,
City of Manchester, NH,
In His Individual and
Official capacities, et al.


                         O R D E R

      Pro se plaintiff Jesus Ramos brought this civil rights suit

under 42 U.S.C.A. § 1983 against Thomas King, Chief of the

Manchester police and a group of Manchester police officers.  His

suit arises from his arrest on October 25, 1985, during which, he

alleges, police used excessive force and conducted an illegal

search of his house.  The defendants move to dismiss Ramos's

claims for permanent injuries because he has not produced an

expert report, nor otherwise met the requirements related to

expert disclosure, to support those claims, within the time

allowed.  The defendants also move to dismiss claims of financial

loss.

The defendants have interpreted Ramos's responses to their requests for admissions[1] as indicating that he might claim permanent kidney and eye injuries allegedly resulting from the defendants' use of excessive force in the arrest. Although Ramos has included physicians in his witness lists, he has not

---

[1] The defendants' requested admissions, and Ramos answered as follows:

Request 13. No physician or medical care provider has indicated or given an opinion that there is any permanency to any of the plaintiff's alleged injuries that he claims in this lawsuit.

Response 13. There are reports obtained by the plaintiff from the Valley Street Jail which indicate that there were bruises and avibriations [sic] throughout his entire body.

Request 14. The plaintiff did not suffer any financial loss as a result of any of the injuries claimed in this lawsuit.

Response 14. The plaintiff does suffer from kidney malfunction and eyesight problems from the left eye, he has to wear glasses to read. The Plaintiff's financial condition has been a burden to perfect his case, the State of New Hampshire made the plaintiff spend ten (10) years incarcerated and it cheated the plaintiff of his good time and added additional parole time to him as well.

Response 14/B Not only did the police's injuries cause the plaintiff loss of earnings since at the time they arrested him they set a high bail of $400,000.00 cash bail. The plaintiff will show his records that he intended to support his children from prison and was denied to help them by establishing a bank account for his two youngest children. The plaintiff's children loss the opportunity to a good education and Jesus Ramos Jr. loss a great opportunity to become a professional baseball player.

2

disclosed an expert report from any physician, which is required in order to present expert testimony during trial. See Fed. R. Civ. P. 26(A)(2). The plaintiff's deadline for expert disclosures was October 27, 1995, and the discovery completion deadline was April 1, 1996.

As the defendants note, it is likely that expert medical opinion evidence would be necessary to establish that Ramos suffered permanent kidney or eye injuries caused by the defendants' conduct during the arrest, as the nature of the injuries alleged and their causal connection to the defendants' alleged conduct are unlikely to be readily apparent to a jury. See Lemay v. Burnett, 139 N.H. 633, 634-36 (1995).

However, Ramos does not pursue his claims for permanent kidney or eye injuries in his response to defendants' motion, but instead focuses on proof of the temporary injuries he allegedly received during the arrest.[2] Accordingly, to the extent Ramos

---

[2] Ramos's pro se status does not require that the court allow him to proceed in violation of applicable deadlines, rules, and procedural requirements. See Eagle Eye Fishing Corp. v. United States Dept. of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("the right of self-representation is not a license not to comply with relevant rules of procedure or substantive law") (internal quotations omitted). As Ramos fails to address the permanency of any of his alleged injuries, that claim is deemed waived. See, e.g., United States v. Zannino, 895 F.2d 1, 17 (1st Cir.) cert. denied, 494 U.S. 1082 (1990).

3

might have once claimed permanent injuries, those claims are dismissed for failure to disclose necessary expert testimony or evidence, and because he has waived those claims.

The defendants also challenge Ramos's answer to the same requests for admission, which they interpret to make a claim for financial loss caused by the arrest. In that regard, Ramos contends that the arrest cost him earnings because his bail was too high, because he lost goodtime credits and his parole date was extended, and because he could not support his children from prison. His complaint does not assert a claim based on illegal arrest (other than the excessive force claim), excessive bail, or the length of his sentence and time served, and no such claims may now be added to this action by amendment. To the extent Ramos contends that he was wrongfully or unlawfully imprisoned, that claim cannot survive because his conviction has not been reversed or otherwise invalidated. See Heck v. Humphrey, 114 S. Ct. 2364, 2372-73 (1994) (§ 1983 cause of action, attacking the validity of a conviction, does not exist unless and until the conviction underlying the claim is reversed).

## CONCLUSION

Defendants' motion to dismiss (document no. 132) is granted.

4

SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

September 27, 1996

cc:  Robert G. Whaland, Esq.
     Jesus Ramos